

December 11, 2025

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Paliy v. Medical Answering Services, LLC,* Civil Case No: 1:25-cv-06102

Dear Judge Komitee:

We submit this request for a pre-motion conference on behalf of defendant Medical Answering Services, LLC ("MAS"). The Complaint purports to assert five causes of action. Each should be dismissed under Fed. R. Civ. P. 12, as briefly discussed below.

Plaintiff Roksolana Paliy ("Paliy") worked remotely, from her home in Brooklyn, taking calls as a customer service representative for MAS, a company based in Syracuse. Compl. ¶¶ 11-13. In the First Cause of Action, Paliy asserts her only federal claim, which purportedly arises under the Fair Labor Standards Act ("FLSA"). *See* Compl. ¶¶ 84-89.[1] Paliy claims to be entitled to "unpaid overtime wages" under the FLSA for "off-the-clock pre-shift work" and "off-the-clock post-shift work." Compl. ¶ 1. The claim is not plausibly stated in either respect.

Paliy's purported "off-the-clock pre-shift work" was essentially the minutes she allegedly spent clocking-in at home. Specifically, Paliy alleges she was required to "turn on [her] laptop computer[], log into Defendant's virtual private network, and sign into the ADP timekeeping system before [she] w[as] permitted to clock in and begin receiving compensation." Compl. ¶ 4. That time would be non-compensable "preliminary" activity under the Portal-to-Portal Act's amendments to the FLSA. 29 U.S.C. § 254(a). "[T]he Portal-to-Portal Act . . . 'was intended to relieve employers from liability for preliminaries, most of them relatively effortless, that were thought to fall outside the conventional expectations and customs of compensation.'" *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007) (citation omitted). What Paliy alleges here is precisely the kind of preliminary activity, relatively effortless, that the Portal-to-Portal Act makes non-compensable. *Lott v. Recker Consulting, LLC*, 2025 WL 2550009, at *17 (S.D. Ohio Sept. 4, 2025) (holding "the following activities to be preliminary" and, thus, non-compensable for at-home telephone representatives of a healthcare call-center service: "turning on or waking up the computer; entering a username and password to access the computer; dual-authenticating through [a third-party security platform]; opening the timekeeping system; [and] accessing a VPN…"). "In this circuit, a trial judge must determine, as a matter of law, whether the activities

---

[1] As the only federal claim asserted, this FLSA claim is the solitary basis for the Complaint's assertion of original jurisdiction, which is alleged solely under 28 U.S.C. § 1331. Compl. ¶ 8. Although the Complaint also alleges federal-question jurisdiction under the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA"), Compl. ¶ 8, no ADA or FMLA claim is ever asserted. The Complaint's only purported discrimination claims are pled under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). *See* Compl. ¶¶ 147-160.

22705173

Attorneys At Law | A Professional Limited Liability Company

at issue could constitute 'work.'" *Gorman v. Energy Nuclear Operations, Inc.*, 2006 WL 4774619, at *4, n.6 (S.D.N.Y. Apr. 14, 2006) (citation omitted), *aff'd sub nom. Gorman v. Consol. Edison Corp.*, 488 F.3d 586 (2d Cir. 2007). As a matter of law, Paliy's alleged "off-the-clock pre-shift work" was non-compensable, preliminary activity, just as it was in *Lott*.

As for Paliy's alleged "off-the-clock post-shift work," the Complaint contains <u>no</u> factual allegation of <u>any</u> post-shift work performed off-the-clock. In fact, Paliy contradicts herself on that score. Paliy alleges she was required "to continue taking and completing customer calls beyond [her] scheduled shift end times," but she admits that she was "<u>not permitted to clock out</u> until [she] had completed [her] final call[.]" Compl. ¶ 4 (emphasis added). The Complaint repeats this self-contradictory allegation several times, *i.e.*, that Paliy was forced to perform "<u>off-the-clock work</u> after [her] scheduled shift end time <u>before being permitted to clock out</u>." Compl. ¶ 63 (emphasis added); *see also* Compl. ¶ 93 (complaining of "post-shift off-the-clock work" performed "before being permitted to clock out"); Compl. ¶ 103 (same). These self-contradictory allegations do not state a plausible claim. "This Circuit has recognized an exception to the rule that a court must accept all factual assertions as true when attenuated allegations supporting the claim are contradicted by more specific allegations in the Complaint or when a claim is based on wholly conclusory and inconsistent allegations." *Grant v. County of Erie*, 542 Fed. Appx. 21, 23 (2d Cir. 2013) (summary order) (citations omitted).

Furthermore, the Complaint implicitly admits Paliy <u>was</u> paid overtime in at least some weeks. Paliy alleges she worked for $23.00 per hour, and that she "received an <u>average</u> weekly paycheck of $920.00 for her 40-hour workweek." Compl. ¶¶ 53-54, 56 (emphasis added). The compensation for 40 hours at $23/hour is $920. Thus, if $920 was the "average" weekly paycheck Paliy received, that necessarily implies she was sometimes paid for <u>more</u> than 40 hours. At most, this leaves the Court to speculate whether there was <u>any</u> week in which Paliy was underpaid. Paliy's FLSA claim would be subject to dismissal for this independent reason, because even if she "ha[d] sufficiently pleaded that [s]he worked more than 40 hours a week, properly stating an overtime claim under the FLSA additionally requires a plaintiff to allege that [s]he was 'uncompensated' for time worked 'in excess of the 40 hours.'" *Paleja v. KP NY Operations LLC*, 2022 WL 364007, at *2 (2d Cir. Feb. 8, 2022) (summary order affirming dismissal of FLSA overtime claim) (quoting *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)). "[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114 (citation omitted). Dismissal is appropriate where, as here, the "complaint contains only generalities about [plaintiff's] work schedules and fails to detail a single week in which [the] plaintiff worked in excess of 40 hours without appropriate pay." *Garmon v. Bd. of Educ.*, 2017 WL 7038200, at *2 (W.D.N.Y. Nov. 2, 2017), adopted by 2018 WL 514220 (W.D.N.Y. Jan. 22, 2018).

For each of these reasons, Paliy's FLSA claim should be dismissed with prejudice for failure to state a plausible claim, pursuant to Fed. R. Civ. P. 12(b)(6).

In her Second, Third, and Fourth Causes of Action, Paliy seeks pay under various state statutes and common law for the same purported "off-the-clock pre-shift work" and "off-the-clock post-shift work," for herself and/or a putative class. Compl. ¶¶ 90-120. With the FLSA claim dismissed, the Court should decline to exercise supplemental jurisdiction over these state-law claims, pursuant to 28 U.S.C. § 1367(c)(3). *See, e.g., Henao v. Parts Auth., LLC*, 2020 WL 5751175, at *7 (S.D.N.Y. Sept. 25, 2020) (dismissing FLSA claims and declining to exercise supplemental jurisdiction over plaintiffs' claims for violations of various states' wage and hour laws); *Lusk v. Serve U Brands, Inc.*, 2018 WL 826857, *3 (W.D.N.Y. Feb. 12, 2018) (same); *Donato v. Serv. Experts, LLC*, 2018 WL 4660375, at *5 (N.D.N.Y. Sept. 28, 2018) (dismissing FLSA claims and declining to exercise supplemental jurisdiction over state law claims in the absence of "exceptional circumstances . . . warrant[ing] a different conclusion"); *Johnson v. Equinox Holdings, Inc.*, 2014 WL 3058438, at *5 (S.D.N.Y. July 2, 2014) (dismissing FLSA claims and declining to exercise supplemental jurisdiction over state law claims).

Finally, the Complaint's Fifth Cause of Action purports to assert claims for disability discrimination and retaliation under the NYSHRL and NYCHRL. Compl. ¶¶ 147-160. The Court would lack supplemental jurisdiction over these claims even if Paliy's FLSA wage claims could survive a motion to dismiss. Under 28 U.S.C. § 1367(a), "the claim conferring subject matter jurisdiction and the supplemental claim must stem from the same common nucleus of operative fact." *De La Cruz v. A.T.N. Inc.*, 2024 WL 4287267, at *1 (E.D.N.Y. Sept. 25, 2024) (quotations and citations omitted). There is no factual overlap between Paliy's purported FLSA claims for unpaid overtime – based on allegations of "off-the-clock" work – and her claims under the NYSHRL and NYCHRL, which allege that MAS discriminated against her based on her purported disability from a herniated disc. *Id.* ("[T]he Court finds . . . that it lacks supplemental jurisdiction over plaintiff's NYSHRL claims when the only basis for federal jurisdiction are claims brought under FLSA. The Court finds no factual overlap between the FLSA claims of unpaid overtime and Defendants' allegedly discriminatory behavior in terminating Plaintiff's employment after he suffered an injury to his finger…"); *Nikonov v. Flirt NY, Inc.*, 2022 WL 874780, at *3 (S.D.N.Y. Mar. 24, 2022) (holding plaintiff's "state law disability discrimination claims simply have nothing to do with the federal wage and overtime claims" and dismissing his NYSHRL and NYCHRL claims on that basis). Where "supplemental jurisdiction over . . . state law [discrimination] claims does not exist, dismissal of the state law claims is required and not discretionary." *Nikonov*, 2022 WL 874780, at *3. Thus, regardless of whether the Complaint states a plausible FLSA claim (it does not), Paliy's NYSHRL and NYCHRL claims should be "dismissed without prejudice to being refiled in state court." *De La Cruz*, 2024 WL 4287267, at *1.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Louis Orbach

22705173